IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JANINE GROSSNICKLE,

    *Plaintiff*,

v.

CONNECTIONS COMMUNITY
SUPPORT PROGRAMS, INC., PERRY
PHELPS, MARC RICHMAN, ROBERT
MAY

    *Defendants*.

No. 1:21-cv-00715-SB

---

Christofer Curtis Johnson, THE JOHNSON FIRM LLC, Wilmington, Delaware.

*Counsel for Plaintiff*.

Kenneth Lee-Kay Wan, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

*Counsel for Defendants*.

---

**MEMORANDUM OPINION**

January 28, 2022

BIBAS, *Circuit Judge*, sitting by designation.

This case is tragic. It involves a prisoner's death and her mother's quest for justice. But all litigants, no matter their suffering, must comply with the Federal Rules of Civil Procedure. Here, the mother's lawyer did not: he failed to serve some defendants properly under Delaware law. So I dismiss the claims against those defendants without prejudice.

## I. BACKGROUND

On this motion to dismiss I take the complaint's factual allegations as true. In October 2018, Tiffany Reeves was arrested for not paying $80 in court fines. Compl., D.I. 1-1 ¶ 19. She was taken to a Delaware jail, where a nurse evaluated her the next morning. *Id.* ¶ 20. She told the nurse about her long struggle with heroin, her gastric-bypass surgery, and her ongoing "stomach issues." *Id.*

Later that day, two nurses attended to Reeves, presumably because she complained of stomach pains. *Id.* ¶ 21. They gave her ibuprofen, even though medical staff had forbidden it a year earlier "due to [her] gastric bypass." *Id.* ¶ 14.

The next day, a nurse noted that Reeves was restless, irritable, and suffering from "GI" pains. D.I. 1-1 ¶ 22. That evening, she got a new cellmate who noticed that she was unresponsive. *Id.* ¶ 23.

The next morning, the cellmate found Reeves dead. *Id.* ¶ 23. The medical examiner concluded that she had died from an irregular heartbeat, possibly caused by drug withdrawal. *Id.* ¶ 25.

Reeves is survived by her mother, who now sues the jail's healthcare provider and several Delaware corrections officials. She says they failed to provide medical care to her daughter, thereby violating the Eighth Amendment. The Delaware corrections officials (not the provider) now move to dismiss, arguing that Reeves's lawyer failed to serve them properly and that the complaint does not state a legal claim. Because I agree on the first score, I need not address the second. Fed. R. Civ. P. 12(b)(5).

## II. THE MOTHER'S LAWYER NEVER SERVED THE DEFENDANTS

The prison officials fault Reeves's mother for failing to serve (notify) them properly of this suit. D.I. 4 at 10–14. The mother, they note, sued them in Delaware state court in October 2020. *See* D.I. 1-1. Under Delaware law, she had 120 days to serve them with the complaint. Del. Super. Ct. R. 4(j). And because they count as "officer[s] of the state," she also had to serve Delaware's Attorney General, her Chief Deputy, or the State Solicitor. Del. Code. Ann. tit. 10, § 3103(c).

The mother's lawyer shirked both requirements. He served the prison officials two months late. D.I. 5, at 5. To boot, he neglected to serve the Attorney General, her Chief Deputy, or the State Solicitor. Once in federal court, the lawyer could have cured the defect. 28 U.S.C. § 1448. He did not. Because he has not shown good cause for these missteps, I will dismiss this complaint without prejudice. Fed. R. Civ. P. 4(m), 12(b)(5); *accord Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305–06 (3d Cir. 1995). The mother parries that the defendants waived their right to proper service. *See* Fed. R. Civ. P. 4(d). Not so. True, the officials removed this case to federal court. But "[r]emoval does not waive any Rule 12(b) defenses," including one based

on insufficient process. *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4, (2d Cir. 1996).

Yet the mother's suit is not sunk. First, the healthcare provider remains. Second, she can revive her claims against the corrections officials by serving them again. Before her lawyer does so, he should consult Federal Rule of Civil Procedure 4.

\* \* \* \* \*

This tragic suit makes serious allegations about an inmate's mistreatment in jail. It deserves equally serious lawyering. But the mother's lawyer fell short. He failed to serve the defendants properly.

Considering those errors, I dismiss these claims without prejudice. The mother can refile. If she does, she must perfect service and detail the acts or omissions that led to her daughter's lamentable death.